IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:24cr27-KHJ-ASH

SAMAON E. GREENWOOD

### SAMAON GREENWOOD'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPRESS EVIDENCE

NOW COMES the defendant, SAMAON GREENWOOD, who files the within Reply to the Government's Response to Defendant's Motion to Suppress Evidence [ECF 23], and who offers the following in support:

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV, and a warrantless search or seizure is per se unreasonable unless one of the recognized exceptions applies, *Cotropia v. Chapman*, 978 F.3d 282, 286 (5th Cir. 2020). The Government bears the burden of justifying a warrantless search. *United States v. Garcia-Lopez*, 809 F.3d 834, 838 (5th Cir. 2016); *United States v. Monsivais*, 848 F.3d 353, 357 (5th Cir. 2017).

Without denying that the officer conducted a warrantless seizure of Mr. Greenwood and, thereafter, a warrantless search of his vehicle, the Government alleges that Mr. Greenwood's Motion to Suppress "fails to articulate any action taken by Detective Brown that violated his [Fourth] Amendment rights." ECF 23, 5. Such a claim appears to confuse the fundamental burden of the Government to justify a warrantless search and seizure, which are per se unreasonable unless they fall within a few narrowly defined exceptions. *See United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021). Thus, because Mr. Greenwood has alleged—and the Government does not

1

dispute—that he was subject to a warrantless search and seizure—it is the Government's burden to prove that the search and seizure were constitutional. *See id.* A hearing is therefore requested to determine whether the Government can meet its burden. Mr. Greenwood submits that it cannot.

1. **There was no reasonable suspicion to believe that Mr. Greenwood had committed a criminal offense.**

An investigatory stop or temporary detention must be supported by a reasonable suspicion "that the person apprehended is committing or has committed a criminal offense." *Arizona v. Johnson*, 555 U.S. 323, 326 (2009). Reasonable suspicion to support an investigatory stop exists if the officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity," *United States v. Cortez*, 449 U.S. 411, 417-18 (1981), and requires "specific and articulable facts" that the person stopped "has committed, is committing, or is about to commit a crime," *Monsivais*, 848 F.3d at 357. A mere "hunch" will not suffice. *United States v. Sokolow*, 490 U.S. 1 (1989).

The Government has the burden of proving "the specific and articulable facts that support the reasonableness of the suspicion" to justify a stop and cannot do so here. *See United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014). The sole basis alleged to justify the traffic stop was a "front windshield covered with dark tint." Government's Exhibit 1. Accordingly, the Government must show that a reasonable officer could have possessed reasonable suspicion that Mr. Greenwood's windshield was illegally tinted. Here, as alleged in Mr. Greenwood's Motion to Suppress, Mr. Greenwood will show that his front windshield was not illegally tinted. ECF 22, 4. Thus, there was no reasonable suspicion to support a belief that Mr. Greenwood was "potentially engaged in specific criminal activity" that would "allow officers to stop drivers whose conduct is no different from any other driver's." *Kansas v. Glover*, 589 U.S. 376, 385 (2020); *see Hill*, 752 F.3d at 1033. Therefore, there was no justification for the investigatory stop of Mr. Greenwood's

vehicle and the evidence derived from the illegal search and seizure must be suppressed. *See United States v. Martinez*, 486 F.3d 855, 864 (5th Cir. 2007).

**2.     The plain view doctrine does not apply.**

"Reasonable suspicion must exist *before* the initiation of an investigatory detention." *United States v. McKinney*, 980 F.3d 485, 490 (5th Cir. 2020). The Government claims that the officer's alleged observation of marijuana in plain view justified the search of the vehicle. ECF 23, 4. However, the plain view doctrine justifies a seizure of evidence in plain view without a warrant only if (1) the officer lawfully entered the area where the items could be plainly viewed; (2) the incriminating nature of the items was immediately apparent; and (3) the officer had a lawful right of access to the items. *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005). Because the traffic stop was illegal, the officer had no lawful basis or right of access to items in the vehicle and the plain view doctrine does not apply. *See id.*

**3.     The good faith exception does not apply.**

Mr. Greenwood submits that the officer's mistaken belief that Mr. Greenwood's windshield was illegally tinted was not reasonable. Furthermore, the Government's argument that the officer's mistake as to the tint was reasonable, taken to its logical extreme, would allow an officer to stop almost *any* vehicle with tinted windows, regardless of their legality. Such a mistake, if deemed reasonable, would subject a large fraction of the driving public to unwarranted seizures, and thus cannot support an exception to the exclusionary rule. *United States v. Lopez-Valdez*, 178 F.3d 282, 289 (5th Cir. 1999) ("But if officers are allowed to stop vehicles based upon their subjective belief that traffic laws have been violated even where no such violation has, in fact, occurred, the potential for abuse of traffic infractions as pretext for effecting stops seems boundless and the costs to privacy rights excessive."); *cf. United States v. Flores*, 798 F.3d 645, 649 (7th Cir. 2015) ("A

suspicion so broad that would permit the police to stop a substantial portion of the lawfully driving public . . . is not reasonable."); *see Delaware v. Prouse*, 440 U.S. 648, 661 (1979) (observing that courts must circumscribe "standardless and unconstrained discretion" that would otherwise allow officers to stop all drivers).

**4.      The evidence illegally seized must be suppressed.**

Based on the foregoing, and the arguments raised in his Motion to Suppress, Mr. Greenwood submits that because he will show that his windshield was not illegally tinted, there was no reasonable suspicion sufficient to justify the warrantless stop of his vehicle. Accordingly, the evidence obtained from the illegal search and seizure must be suppressed. *See Martinez*, 486 F.3d at 864.

WHEREFORE, for the above-stated reasons, Mr. Greenwood requests that this Court hold a hearing on his motion and thereafter suppress the evidence uncovered as a result of an illegal search based on the arguments raised within and those raised in his initial motion.

Respectfully submitted, July 31, 2024.

**Samaon E. Greenwood**, Defendant

by:     s/ *Michael L. Scott*
**Michael L. Scott** (Miss. Bar # 101320)
Senior Litigator
Office of the Federal Public Defender
S. District of Mississippi
200 S. Lamar St., Suite 200 North
Jackson, Mississippi 39201
Telephone: (601)948-4284
Facsimile: (601)948-5510
Email:  mike_scott@fd.org

*Attorney for Defendant*

4

**CERTIFICATE OF SERVICE**

  I, Michael L. Scott, certify that on July 31, 2024, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

              s/ *Michael L. Scott*
              **Michael L. Scott**
              Attorney for Defendant